1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   TRACEY A. KENNEDY, Cal. Bar No. 150782
3  tkennedy@sheappardmullin.com
   MATTHEW A. TOBIAS, Cal. Bar No. 271291
4  mtobias@sheppardmullin.com
   ANNA M. STANCU, Cal. Bar No. 288283
5  astancu@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213-620-1780; Facsimile: 213-620-1398
7
   Attorneys for Defendants
8  COMERICA MANAGEMENT COMPANY
   and COMERICA BANK
9

10                    UNITED STATES DISTRICT COURT
        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
11

| EVELYN MORTENSEN, | Case No.  2:14-cv-9825 |
|---|---|
| Plaintiff, | **DEFENDANTS COMERICA MANAGEMENT COMPANY'S AND COMERICA BANK'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| v. | |
| COMERICA MANAGEMENT CO., INC., COMERICA BANK, SAGRA CABRARA, and DOES 1 to 100, inclusive, | **(DIVERSITY JURISDICTION)** |
| Defendants. | (Los Angeles County Superior Court Case No. BC536947) |
| | Complaint Filed:  February 21, 2014<br>Trial Date:         September 22, 2015 |
| | [Filed concurrently with Civil Cover Sheet; Declaration of Von E. Hays; Declaration of Matthew A. Tobias; Certificate of Interested Parties; and Corporate Disclosure Statement] |

26        TO THE UNITED STATES DISTRICT COURT FOR THE

27  CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER

28  COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Comerica Management Company *erroneously sued as* Comerica Management Co., Inc. and Comerica Bank ("Defendants") hereby remove to this Court the state court action entitled *Mortensen v. Comerica Management Co., Inc., et al.*, Los Angeles Superior Court Case No. BC536947.  This Court has diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.    BACKGROUND AND PLEADINGS

1.    On February 21, 2014, Plaintiff Evelyn Mortensen ("Plaintiff") filed this lawsuit against Defendants, an individual Defendant Sagra Cabrera ("Cabrera"), and Does 1 through 100 in the California Superior Court for the County of Los Angeles.  Plaintiff served Defendants with the Summons and Complaint on March 31, 2014.

2.    In the Complaint, Plaintiff alleged that she is, and at all times mentioned in the Complaint was, a resident of Los Angeles County, California. (Complaint, ¶ 1.)  Plaintiff alleged that she worked for Defendants from July 21, 1991 through December 2, 2013 as an Assistant Banking Center Manager at Defendants' Woodland Hills, California location.  (Complaint, ¶¶ 2, 5.)  In the Complaint, Plaintiff alleged that her employment was terminated due to her age, actual, perceived, and/or history of physical disability, medical leave, and need for accommodation.  (Complaint, ¶ 9.)  Plaintiff alleged the following causes of action against Defendants: (1) age-based discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) age-based harassment in violation of the FEHA; (3) retaliation for complaining of age-based discrimination and/or harassment in violation of the FEHA; (4) medical leave discrimination in violation of the FEHA; (5) medical leave harassment in violation of the FEHA; (6) retaliation

-1-

NOTICE OF REMOVAL

for complaining of medical leave discrimination and/or harassment in violation of the FEHA; (7) disability discrimination in violation of the FEHA; (8) disability harassment in violation of the FEHA; (9) retaliation for complaining of disability discrimination and/or harassment in violation of the FEHA; and (10) wrongful termination in violation of public policy based on Plaintiff's underlying FEHA claims.  (Complaint, ¶¶ 15-75.)  Plaintiff sought back pay, front pay and benefits, emotional distress, punitive damages, and attorneys' fees from Defendants. (Complaint, ¶¶ 10-13, 18-21, 24-27, 31-34, 38-41, 44-47, 51-54, 58-61, 64-67, 71-74, 7-9 [sic], and Prayer for Relief.)  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.	On April 30, 2014, Defendants filed a Demurrer to Plaintiff's Complaint that was set for hearing on October 6, 2014.  Defendants' Demurrer was directed at all ten of Plaintiff's causes of action against them.  A true and correct copy is attached hereto as Exhibit B.

4.	Plaintiff served Defendant Cabrera with the Summons and Complaint  on August 25, 2014.

5.	In the Complaint, Plaintiff alleged that Cabrera was a resident of Los Angeles County, California and that Cabrera was her direct supervisor while working at Defendants.  (Complaint, ¶¶ 2, 5.)  Plaintiff brought the following causes of action against Cabrera: (1) age-based harassment in violation of the FEHA; (2) medical leave harassment in violation of the FEHA; and (3) disability harassment in violation of the FEHA.  (Complaint, ¶¶ 22-27, 42-47, and 62-67.)  Plaintiff sought back pay, front pay and benefits, emotional distress, punitive damages, and attorneys' fees from Cabrera.  (Complaint, ¶¶ 10-13, 24-27, 44-4764-67, and Prayer for Relief.)

6.     On September 12, 2014, Cabrera filed a Demurrer to the Complaint that was also set for hearing on October 6, 2014.  Cabrera's Demurrer was directed at all three causes of action against her.  A true and correct copy is attached hereto as Exhibit C

7.     On September 23, 2014, prior to the hearing on Defendants' and Cabrera's Demurrers, Plaintiff filed a First Amended Complaint ("FAC").  The FAC named an additional individual defendant, Jorge Sosa ("Sosa").  (FAC, ¶2.)  The FAC alleges that Sosa is a resident of Los Angeles County, California and was Plaintiff's direct supervisor.  (*Id*.)  Plaintiff filed an Amendment to the FAC on September 23, 2014, specifically adding Sosa as a defendant in the lawsuit as well. The FAC continues to name Defendants and Cabrera as defendants.  (*Id*.)  A true and correct copy is attached hereto as Exhibit D.

8.     The FAC alleges the following causes of action against Defendants: (1) age-based discrimination in violation of the FEHA; (2) age-based harassment in violation of the FEHA; (3) retaliation for complaining of age-based harassment and/or retaliation in violation of the FEHA; (4) disability discrimination in violation of the FEHA; (5) retaliation for complaining of disability discrimination and/or harassment in violation of the FEHA; and (6) wrongful termination in violation of public policy based on her underlying FEHA claims.  (FAC, ¶¶ 15-61.) In the FAC, Plaintiff seeks back pay, front pay and benefits, emotional distress, punitive damages, and attorneys' fees from Defendants.  (FAC, ¶¶ 10-13, 19-22, 26-29, 34-37, 42-45, 50-53, 58-61, Prayer for Relief.)

9.     The FAC alleged a single cause of action against Cabrera and Sosa – age-based harassment in violation of the FEHA.  (FAC, ¶¶ 23-29.)  In the FAC, Plaintiff sought back pay, front pay and benefits, emotional distress, punitive

-3-

1  damages, and attorneys' fees from both Cabrera and Sosa.  (FAC, ¶¶ 10-13, 26-29,
2  Prayer for Relief.)

3

4      10.  On October 29, 2014, Defendants filed a Demurrer to the Second
5  Cause of Action for age-based harassment in violation of the FEHA and Fourth
6  Cause of Action for disability discrimination in violation of the FEHA contained in
7  Plaintiff's FAC.  Defendants' Demurrer to the FAC was set for hearing on
8  November 21, 2014, and the hearing was continued to December 3, 2014.  A true
9  and correct copy is attached hereto as Exhibit E.

10

11      11.    On October 29, 2014, Defendant Cabrera filed a Demurrer to the
12  Second Cause of Action for age-based harassment in violation of the FEHA
13  contained in Plaintiff's FAC, the only cause of action against her.  Cabrera's
14  Demurrer to the FAC was also set for hearing on November 21, 2014, and the
15  hearing was also continued to December 3, 2014. A true and correct copy is attached
16  hereto as Exhibit F.

17

18      12.    On November 3, 2014, Plaintiff filed a request for dismissal as to
19  Defendant Sosa to completely dismiss Sosa from the lawsuit.  The Superior Court
20  entered dismissal of Sosa on November 5, 2014.   As such, Sosa is not a party to this
21  action. A true and correct copy is attached hereto as Exhibit G.

22

23      13.    On December 3, 2014 the Superior Court sustained both
24  Defendants' and Cabrera's Demurrers as to Plaintiff's Second Cause of Action for
25  age-based harassment in violation of the FEHA without leave to amend.  Because
26  this was the only cause of action against Cabrera, Plaintiff has no claims remaining
27  against Cabrera in this lawsuit effective December 3, 2014.  Cabrera is not a party to

28

-4-

1  this action. A true and correct copy of the notice of ruling is attached hereto as
2  Exhibit H.

3

4          14.    The Superior Court overruled Defendants' Demurrer as to
5  Plaintiff's Fourth cause of Action for disability discrimination.  Thus, the only
6  defendants remaining in this action are the corporate defendants Comerica
7  Management Co., Inc. and Comerica Bank and the only causes of action are: (1)
8  age-based discrimination in violation of the FEHA; (2) retaliation for complaining
9  of age-based harassment and/or retaliation in violation of the FEHA; (3) disability
10 discrimination in violation of the FEHA; (4) retaliation for complaining of disability
11 discrimination and/or harassment in violation of the FEHA; and (5) wrongful
12 termination in violation of public policy based on her underlying FEHA claims.
13 Defendants filed a notice of the Superior Court's ruling on the Demurrers to the
14 FAC on December 5, 2014.

15

16         15. The Comerica Defendants filed their Answer to the FAC in
17 Superior Court on December 9, 2014.  Defendants' Answer generally denies
18 Plaintiff's allegations in the FAC pursuant to California Code of Civil Procedure
19 section 431.30(d), and asserts a number of affirmative defenses.  A true and correct
20 copy is attached hereto as Exhibit I

21

22         16.  True and correct copies of all papers filed and served in this matter
23 are attached hereto as Exhibits A-II.

24

25 **II.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS**
26                           **MATTER**
27         17.    This Court's subject-matter jurisdiction is based upon diversity
28 of citizenship.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction

-5-

over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000.  This civil action involves citizens of different states and the amount in controversy exceeds $75,000.

### A. The Parties Are Completely Diverse

18. <u>Plaintiff's Citizenship</u>:  Plaintiff is an individual residing in the state California.  (FAC, ¶ 1.)  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff therefore is, and was at the institution of this civil action, a California citizen.

19. <u>A Corporation's Citizenship</u>:  For diversity purposes, a corporation is deemed to be a citizen of: (1) the state in which it has been incorporated; and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "never center."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).  The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised.  *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

20.     <u>The Proper Defendant Is Comerica Management Company Only</u>:
Plaintiff has erroneously listed Comerica Bank as a defendant in this matter.
Comerica Bank is the parent of Comerica Management Company  (Declaration of
Von E. Hays ("Hays Decl.") ¶ 3.)  While Comerica Bank is the parent company of
Comerica Management Company, Plaintiff's claims arise from her employment with
Comerica Management Company  (FAC ¶¶ 5-9 and Hays Decl. at ¶ 4.)  Comerica
Bank's only connection to this case is that it is the parent company of Plaintiff's
employer Comerica Management Company  (Hays Decl. at ¶ 4.)  However, in a suit
by or against a subsidiary, courts look only at the subsidiary's state of incorporation
and principal place of business.  *Topp v. CompAir, Inc.*, 814 F.2d 830, 835 (1st Cir.
1987); *U.S.I. Properties Corp. v. M.D. Const. Co.*, 860 F.2d 1, 7 (1st Cir. 1988).  A
parent company's citizenship is not considered in determining the subsidiary's place
of business.  *Id*.  Accordingly, Comerica Bank should not be considered for
purposes of diversity.  Nevertheless, even considering Comerica Bank's citizenship,
complete diversity remains.

21.     <u>Defendants' Citizenship</u>:  Neither Comerica Management
Company nor Comerica Bank are citizens of California.  Comerica Management
Company is a corporation organized under the laws of <u>Michigan</u>, with its principal
place of business located in <u>Dallas, Texas</u>.   (Hays Decl., ¶ 3.)  The sole member of
Comerica Management Company (and the parent to all subsidiaries) is Comerica
Bank.  (*Id*.)  Comerica Bank is a Texas Banking Association with its principal place
of business and main office located in <u>Dallas, Texas</u>.  (*Id.* at ¶ 3.)  The sole member
of Comerica Bank (and the parent to all subsidiaries) is Comerica, Inc.  (*Id*.)
Comerica, Inc. is incorporated in <u>Delaware,</u> with its principal place of business
located in <u>Dallas, Texas</u>.  (*Id.* at ¶ 3.)

1        22.    Pursuant to 28 U.S.C. § 1348, Comerica Bank, as a banking

2    association, is a citizen of the state where its main office is "located."  Comerica

3    Bank, with its main office located in Dallas, Texas, is a citizen of Texas.  *See Rouse*

4    *v. Wachovia Mortgage, FSB* Case No. 12-55278, slip. op. (9th Cir., March 27, 2014)

5    (Hays Decl., ¶ 3.)   Comerica Management Company's and Comerica Bank's

6    corporate headquarters, located at 1717 Main Street, Dallas, TX 75201, is the actual

7    center of direction, control and coordination of all major human resources, payroll,

8    legal and administrative functions of these companies.  (Hays Decl., ¶¶ 5-6.)  The

9    officers for these departments for Comerica Bank work in Dallas, Texas, and are

10   responsible for developing policies and protocols for Comerica Bank's nationwide

11   operations.  (*Id.*)  The officers for these departments for Comerica Management

12   Company work in either Dallas, Texas or Detroit, Michigan, and are responsible for

13   developing policies and protocols for Comerica Management Company's

14   nationwide operations.  (*Id.*)  Moreover, Comerica Bank's Board of Directors meets

15   in Dallas, Texas.  (*Id.*)  Further, decisions by the Board of Directors for Comerica

16   Management Company are made in either Texas or Michigan, or both.  (*Id.*)  As

17   such, Comerica Bank's corporate headquarters and nerve center were at the time of

18   filing of the state court action, and remain to date, located in Dallas, Texas.

19   Comerica Management Company's corporate headquarters and nerve center were at

20   the time of filing of the state court action, and remain to date, located in Dallas,

21   Texas and/or Detroit, Michigan.

22

23       23.    <u>Doe Defendants</u>:  Pursuant to 28 U.S.C. § 1441(a), the residence

24   of fictitious and unknown defendants should be disregarded for purposes of

25   establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds*

26   *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

27   required to join in a removal petition).  Thus, the existence of Doe defendants 1

28   through 100, inclusive, does not deprive this Court of jurisdiction.

-8-

1

**B.**     **The Amount In Controversy Exceeds $75,000**

2

24.     Defendants are not obliged to research, state, and prove

3 Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d

4 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F.

5 Supp. 1196, 1198 (N.D. Cal. 1998).   Defendants can establish the amount in

6 controversy by the allegations in the FAC, or by setting forth facts in the notice of

7 removal that demonstrate that the amount placed in controversy by Plaintiff exceeds

8 the jurisdictional minimum. *Id*.  In other words, this Court may consider whether it

9 is facially apparent from the FAC that the jurisdictional amount is in controversy.

10 *Id*.  In addition to the contents of the removal petition, the Court considers

11 "summary-judgment-type evidence relevant to the amount in controversy at the time

12 of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d

13 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d at

14 377.  Where a plaintiff does not specify a particular amount of damages, a removing

15 defendant has the burden to show that the amount placed in controversy "more

16 likely than not" exceeds the jurisdictional minimum of the court. *Sanchez v.*

17 *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

18

19

25.     The FAC alleges claims for: (1) age-based discrimination in

20 violation of the FEHA; (2) retaliation for complaining of age-based harassment

21 and/or retaliation in violation of the FEHA; (3) disability discrimination in violation

22 of the FEHA; (4) retaliation for complaining of disability discrimination and/or

23 harassment in violation of the FEHA; and (5) wrongful termination in violation of

24 public policy based on her underlying FEHA claims.  Assuming that Plaintiff's suit

25 is successful, the amount in controversy requirement is clearly met. *See Jackson v.*

26 *American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he

27 appropriate measure [of the amount in controversy] is the litigation value of the case

28 assuming that the allegations of the complaint are true and assuming a jury returns a

-9-

1  verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild*

2  *Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)

3  (amount in controversy is based on assumption that plaintiff prevails on all claims).

4  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's

5  complaint, not what the defendant will actually owe.  *Rippee v. Boston Market*

6  *Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life*

7  *Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003)

8  (recognizing that the ultimate or provable amount of damages is not what is

9  considered when determining the amount in controversy; rather, it is the amount put

10  in controversy by the plaintiff's complaint).

11

12         26.    Specifically, Plaintiff seeks the following:

13

14         (a)    <u>Back Pay</u>:  Plaintiff alleges discrimination and retaliation claims

15  under the FEHA and wrongful termination in violation of public policy.  (*See*

16  *generally* FAC.)  If these claims are successful, Plaintiff would be entitled to an

17  award of back pay.  *See Parker v. Twentieth Century–Fox Film Corp.*, 3 Cal. 3d

18  176, 181 (1970) (prevailing plaintiffs in employment termination case are generally

19  entitled to back pay in the amount that they would have received but for the

20  termination, less sums obtained through mitigation).  On July 18, 2014, in response

21  to interrogatories requesting the amount of income Plaintiff claims to have lost to

22  date because of Defendants' purported conduct, Plaintiff responded $62,000.

23  (Declaration of Matthew A. Tobias ("Tobias Decl."), ¶ 2, Exhs. 1-2.)  Plaintiff

24  indicated that this amount was derived at by calculating her yearly income since her

25  employment with Comerica Management Company ended on December 2, 2013.

26  (*Id.*)  This amount was exclusive of benefits.  (*Id.*)  Thus, assuming that this matter

27  is resolved by trial in one year's time, Plaintiff would be entitled to more two years'

28

-10-

NOTICE OF REMOVAL

1 worth of back wages. (*Id.*) In other words, Plaintiff could potentially recover at

2 least $124,000 in back pay alone. (*Id.*)

3

4 (b) <u>Benefits</u>: Plaintiff has also indicated that she lost past health

5 benefits, pension payments, 401(k) benefits, sick time, holiday, and vacation

6 benefits in excess of her claim for back pay. (FAC, ¶ 10; Tobias Decl., ¶ 3, Exhs. 1-

7 2.) While Plaintiff did not provide a specific dollar amount for these claims, she did

8 indicate that she had purchased health benefits at a cost of $104 per month, which

9 equates to over $1,200 per year. (*Id.*) Again, assuming that this matter is resolved

10 by trial in one year's time, Plaintiff would be entitled to more two years' worth of

11 health benefits, pension payments, 401(k) benefits, sick time, holiday, and vacation

12 benefits totaling in excess of $2,400. (*Id.*)

13

14 (c) <u>Front Pay</u>: Plaintiff has also requested an award of front pay.

15 (FAC, ¶ 10.) While any award of front pay is highly speculative, courts that have

16 awarded such damages in FEHA cases have held that a plaintiff could receive at

17 least two years of front pay. *Horsford v. Board of Trustees of Calif. State Univ.* 132

18 Cal.App.4th 359, 388-89 (2005). Therefore, based on Plaintiff's own calculations,

19 Plaintiff could potentially recover another $124,000 in front pay alone. (Tobias

20 Decl., ¶ 4.)

21

22 (d) <u>Emotional Distress Damages</u>: A prevailing plaintiff in a

23 wrongful termination action is entitled to seek damages for emotional distress. *See*

24 *Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1100 (1992). The emotional

25 distress component of Plaintiff's alleged damages must be considered in

26 determining whether the amount in controversy requirement has been established.

27 *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, Plaintiff

28 seeks emotional distress damages. (FAC ¶¶ 11,20, 35, 43, 51, and 58.) Plaintiff

alleges that she suffers from various emotional and physical ailments as a result of Defendants' purported conduct including: shock, disbelief, embarrassment, severe distress, hurt, dejection, depression, stress, diminished confidence, anxiety, anger, fear, isolation, insomnia, intense fatigue, rejection, bleakness, lack of joy, grief, emotional blocking, disappointment, sadness, despair, numbness, physical discomfort, crying, lethargy, lack of energy, difficulty in falling asleep, restless sleep, loss of interest in doing every day activities, loss of ability to tend to family needs, feelings of loss, feelings of low self-worth, loss of concentration, forgetfulness, and lessened ability to think clearly.  (Tobias Decl., ¶ 5, Exhs. 1-2.)

(e)   <u>Comparable Cases</u>:  A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-1034 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in a wrongful termination case with allegations like this one.  *Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment).  Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages.  Accordingly, the amount in controversy here clearly exceeds $75,000.

(f)   <u>Punitive Damages</u>:  The FAC also seeks punitive damages against Defendants.  (FAC, ¶¶ 12, 22, 37, 45, 53, 61 and Prayer for Relief.)  Punitive damages are also recoverable in wrongful termination actions.  *See Tameny v.*

-12-

1   *Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980).  Punitive damages should be

2   considered when determining the amount in controversy.  *See Gibson v. Chrysler*

3   *Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Anthony v. Security Pac. Fin'l Services,*

4   *Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Simmons*, 209 F. Supp. 2d at 1033

5   (recognizing that jury verdicts in other similar cases in California "amply

6   demonstrate the potential for large punitive damage awards in employment

7   discrimination cases.")

8

9           (g)     Attorneys' Fees:  The FAC also alleges that Plaintiff is entitled

10   to recover attorneys' fees pursuant to her claims under the FEHA.  (FAC, ¶¶ 13, 21,

11   36, 44, 52, 60 and Prayer for Relief.)  Requests for attorneys' fees should be taken

12   into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS*

13   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to

14   be included in amount in controversy, regardless of whether award is discretionary

15   or mandatory).

16

17           27.     The undersigned counsel has defended numerous discrimination

18   and retaliation claims under the FEHA as well as numerous wrongful termination

19   claims.  (*See* Tobias Decl., ¶ 6.)  Based on that experience, discovery and settlement

20   discussions consistently reveal that a typical plaintiff in such an action regularly

21   seeks more than $75,000, particularly when attorneys' fees are taken into account.

22   (*Id.*)

23

24           28.     Based on Plaintiff's prayer for relief and the undersigned

25   counsel's prior experience, Defendants are informed and believe that the amount in

26   controversy exceeds $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th

27   Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the

28

-13-

1  plaintiff], when combined with attorney's fees" demonstrated that the amount in
2  controversy exceeded $75,000).

3

4    **III.    THIS REMOVAL NOTICE IS PROCEDURALLY PROPER**

5         29.    The Removal Venue Is Proper.  Pursuant to 28 U.S.C. section
6  1446(a), Defendants are filing this Notice of Removal in the U.S. District Court for
7  the Central District of California, Western Division.  Because the state court action
8  is pending in the California Superior Court for the County of Los Angeles, the U.S.
9  District Court for the Central District of California, Western Division is the proper
10 district for removal.  Venue is also proper in the Central District since the
11 wrongdoing alleged in the FAC occurred in the County of Los Angeles, State of
12 California.  (*See* FAC ¶ 2.)

13

14        30.    The Removal Is Timely.  Pursuant to 28 U.S.C. section
15 1446(b)(3), a defendant must file a Notice of Removal within thirty days after
16 receipt by the defendant, through service or otherwise, of a copy of an amended
17 pleading, motion, order or other paper from which it may first be ascertained that the
18 case is one which is or has become removable.  *Roth v. CHA Hollywood Med. Ctr.,*
19 *L.P.*, 720 F.3d 1121, 124-25 (9th Cir. 2013).  Here, while Defendants were served
20 with the original complaint on March 31, 2014, the grounds for removal (i.e.
21 complete diversity) did not exist because the complaint also named Cabrera, an
22 individual citizen of California, as a defendant.  Likewise, when the FAC was filed
23 and served, it named two individual defendants, Cabrera and Sosa, who were
24 California citizens.  It was not until after Sosa was dismissed from the lawsuit on
25 November 5, 2014 and until after the Superior Court sustained Cabrera's Demurrer
26 to the FAC without leave to amend on December 3, 2014 that the thirty day notice
27 period began to run because that is the time in which complete diversity first
28 existed.  Thus, the date upon which removal was first possible was December 3,

-14-

1   2014 and that is the date that starts the thirty day deadline for filing a notice of

2   removal. Thus, pursuant to 28 U.S.C. section 1446(b)(3), Defendants file this

3   Notice of Removal within thirty days of receipt of the ruling from which it was first

4   ascertained that the case is one that has become removable – the Superior Court's

5   December 3, 2014 ruling on Cabrera's Demurrer to the FAC.

6

7           31.     Defendants Have Sufficient Consent. Defendants are the only

8   named Defendants in this action. Defendants are not required to investigate the

9   identity of the unnamed defendants or to obtain their consent for removal. *See*

10  *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C.

11  § 1441(a). In any event, no Doe defendant has been served. Defendants are not

12  required to obtain consent to remove from defendants who have not been served.

13  *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.

14  1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House*

15  *Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).

16

17                          **IV.   NOTICE OF REMOVAL**

18          32.     This Notice of Removal will be promptly served on Plaintiff and

19  filed with the Clerk of the Superior Court of the State of California in and for the

20  County of Los Angeles.

21

22          33.     In compliance with 28 U.S.C. § 1446(a), attached are copies of

23  all of the state-court papers served and filed herein – Exhibits A - II.

24

25                          **V.    CONCLUSION**

26          For all the reasons identified above, Defendants respectfully requests

27  that this Court proceed with this matter as if the case had been originally filed in the

28  U.S. District Court for the Central District of California, Western Division.

1   Dated:  December 23, 2014

2                           SHEPPARD MULLIN RICHTER & HAMPTON LLP

3
                            By _____/s/   Matthew A. Tobias_____
4                                  TRACEY A. KENNEDY
                                   MATTHEW A. TOBIAS
5                                  ANNA M. STANCU

6
                                   Attorneys for Defendants
7                             COMERICA MANAGEMENT COMPANY
                                  and COMERICA BANK
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

NOTICE OF REMOVAL