# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Comerica Management Co., Inc., Comerica Bank, Sagra Cabrara, And
Does 1 To 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Evelyn Mortensen

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
County Of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk

By _Kristina Vargas_, Deputy
Kristina Vargas

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*); your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of the State California, Stanley Mosk Courthouse | BC536947 |
| 111 North Hill Street | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq.
Shegerian & Associates, Inc., 225 Arizona Avenue, Suite 400 , Santa Monica, California 90401 P: (310)860-0770

| DATE: February 21, 2014 | **SHERRI R. CARTER** | Clerk, by | _Kristina Vargas_ | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | Kristina Vargas | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

| Form Adopted for Mandatory Use | **SUMMONS** | Page 1 of 1 |
| --- | --- | --- |
| Judicial Council of California | | Code of Civil Procedure §§ 412.20, 465 |
| SUM-100 [Rev. July 1, 2009] | | *www.courtinfo.ca.gov* |

1 | Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
2 | SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
3 | Santa Monica, California 90401
Telephone Number: (310) 860-0770
4 | Facsimile Number: (310) 860-0771

**FILED**
Superior Court Of California
County Of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk
By _Kristina Vargas_, Deputy
Kristina Vargas

A0037
91367

5 | Attorneys for Plaintiff,
EVELYN MORTENSEN

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

D-32 Mary H. Strobel

10

11 | EVELYN MORTENSEN,

Case No.: BC536947

12 |     Plaintiff,

**PLAINTIFF EVELYN MORTENSEN'S COMPLAINT FOR DAMAGES FOR:**

13 | vs.

14 | COMERICA MANAGEMENT CO., INC., COMERICA BANK, SAGRA CABRARA, and DOES 1 to 100, inclusive,

**(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;**

15 | 

16 |     Defendants.

**(2) HARASSMENT ON THE BASIS OF AGE IN VIOALTION OF FEHA;**

17 | 

**(3) RETALIATION FOR COMPLAINING OF DISCRIMIANTION AND/OR HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA;**

18 | 

19 | 

20 | 

**(4) DISCRIMINATION ON THE BASIS OF TAKING MEDICAL LEAVE IN VIOLATION OF FEHA;**

21 | 

22 | 

**(5) HARASSMENT ON THE BASIS OF TAKING MEDICAL LEAVE IN VIOALTION OF FEHA;**

23 | 

24 | 

**(6) RETALIATION FOR COMPLAINING OF DISCRIMIANTION AND/OR HARASSMENT ON THE BASIS OF TAKING MEDICAL LEAVE IN VIOLATION OF FEHA;**

25 | 

26 | 

27 | 

**(7) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

28 | 

CIT/CASE:     BC536947
LEA/DEF#:
RECEIPT #: CCH51748A6032
DATE PAID: 02/21/14  01:35 PM
PAYMENT #: $435.00
RECEIVED:
    CHECK:        $435.00
    CASH:          $0.00
    CHANGE:      $0.00
    CARD:         $0.00

)   (8) **HARASSMENT ON THE BASIS OF**
)       **DISABILITY IN VIOALTION OF**
)       **FEHA;**
)
)   (9) **RETALIATION FOR**
)       **COMPLAINING OF**
)       **DISCRIMIANTION AND/OR**
)       **HARASSMENT ON THE BASIS OF**
)       **DISABILITY IN VIOLATION OF**
)       **FEHA;**
)
)   (10) **WRONGFUL TERMINATION IN**
)        **VIOLATION OF PUBLIC POLICY;**
)
)   **DEMAND FOR JURY TRIAL**

Plaintiff, Evelyn Mortensen, alleges, based on personal knowledge and/or information and belief:

## SUMMARY

This is an action by Plaintiff Evelyn Mortensen, a 72 year old woman, ("plaintiff" or "Mortensen") who was wrongfully terminated from her employment with Defendant Comerica Management Company, Inc. ("defendant or "Comerica"). Plaintiff brings this action against defendants for economic, non-economic, compensatory damages, and exemplary damages pursuant to Civil Code Section 3294, prejudgment interest pursuant to Code of Civil Procedure Section 3291, costs, and reasonable attorneys' fees pursuant to Government Code Section 12965(b) and Code of Civil Procedure Section 1021.5.

## PARTIES

1. <u>Plaintiff.</u>  Evelyn Mortensen ( "Mortensen"), is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2. <u>Defendants.</u>  Comerica is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. City's place of business, where the following causes of action took place, was and is in the County of

-2-
PLAINTIFF'S COMPLAINT FOR DAMAGES

-20-

1  Los Angeles, at 5700 Canoga Avenue, Suite 100, Woodland Hills, California 91367.

2  Defendant Sagra Cabrara ("defendant" or "Cabrara") is and at all times mentioned in this

3  Complaint was a supervisor at Comerica. Defendant Sagra Cabrara is and at all times

4  known to plaintiff a resident of Los Angeles County.   Defendants both directly and

5  indirectly employed plaintiff Mortensen, as defined under the Fair Employment and

6  Housing Act ("FEHA") at Government Code section 12926(d).

7      3.  Doe defendants.  Defendants Does 1 through 100 are sued under fictitious names

8  pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and

9  on that basis alleges, that each of the defendants sued under fictitious names is in some

10  manner responsible for the wrongs and damages alleged below, in so acting was

11  functioning as the agent, servant, partner, and employee of the co-defendants, and in

12  taking the actions mentioned below was acting within the course and scope of her or her

13  authority as such agent, servant, partner, and employee, with the permission and consent

14  of the co-defendants.  The named defendant(s) and Doe defendants are sometimes

15  hereafter referred to, collectively and/or individually, as "defendant(s)."

16      4.  Relationship of defendants.  Each defendant was responsible for the events and

17  damages alleged herein, including, without limitation, on the following bases:  (a)

18  Committing the acts alleged; (b) At all relevant times, one or more of the defendant(s)

19  was the agent or employee, and/or acted under the control or supervision of, one or more

20  of the remaining defendants, and in doing the acts alleged, acted within the course and

21  scope of such agency and employment, and/or otherwise liable for plaintiff's damages;

22  (c) At all relevant times there existed, a unity of ownership and interest between two or

23  more of the defendants, such that any individuality and separateness between said

24  defendants has ceased, and defendants are the alter ego(s) of one another.   The

25  defendants exercised domination and control over one another, to such an extent that any

26  individuality or separateness of defendants does not, and at all times herein mentioned

27  did not, exist.  Adherence to the faction of separate existence of the defendants would

28  permit abuse of the corporate privilege and would sanction fraud and promote injustice.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. <u>Plaintiff's hiring.</u>  Plaintiff Mortensen was employed by defendant Comerica for over 22 years, from July 21, 1991 through December 2, 2013.  Her last position with Defendant was Assistant Banking Center Manager.  Her direct supervisors were Supervisor Jorge Sosa and Sagra Cabrera.

6. <u>Plaintiff's job performance.</u> Plaintiff worked for Defendant since 1991 and was a loyal employee. Plaintiff was entrusted with training new managers the years leading up to her wrongful termination.   At all times through plaintiff's employment, plaintiff performed her job duties in an exemplary manner. When plaintiff was originally going to retire in 2008, her supervisors asked her to stay on to train new managers because of Plaintiff's exemplary work performance.

7. <u>Plaintiff's protected status.</u>  Plaintiff is a 72 year old woman. Plaintiff informed defendant of her age. In January 2002, Plaintiff had to take medical leave to have bypass surgery in her leg. Plaintiff returned from leave in March 2003.   Plaintiff has poor circulation in her legs and cannot walk far or stand for long periods of time. Plaintiff had to inform defendant Comerica of her medical leave and disability and sometimes would have to use a cane to walk at work. In January 20002, Plaintiff suffered a stroke and had to be admitted into the hospital and take time off of work.

8. <u>Defendants' adverse employment actions against Plaintiff:</u> Plaintiff had brought up the subject of retirement twice during her employment. Plaintiff originally  told defendant Cabrara that Plaintiff was going to retire. Cabrara told Plaintiff to not retire but instead to stay on to train new managers. Defendant Cabrara then told Plaintiff to not tell anyone in Human Resources that Plaintiff was thinking about retiring. The second time Plaintiff brought up the subject of retirement to her supervisors, she was terminated shortly after in December of 2013.

9. <u>Defendants' termination of plaintiff.</u> In July 2013, a customer presented Plaintiff with a valid identification and signature similar to the one on file for the client. However, Plaintiff was not written up for the transaction until September of 2013 because the

1   transaction was over the CSR limit.   Plaintiff's corrective action lasted from September
2   1, 2013 through December 1, 2013. On December 2, 2013, one day after her correction
3   action period was over she was terminated.   On information and belief, there were
4   available positions for which Plaintiff was qualified to perform, which were not given to
5   plaintiff but instead to younger employees.  Defendants' job action(s) against plaintiff
6   were motivated by plaintiff's age, actual, perceived, and/or history of physical disability
7   and medical condition, need (and request) for accommodation.  Plaintiff believes and
8   alleges that defendants' true reasons for terminating her employment were her age,
9   actual, perceived, and/or history of physical disability, medical leave, need for
10   accommodation.

11   10.  Economic damages.  As a consequence of defendants' conduct, plaintiff has
12   suffered and will suffered harm, including, without limitation, lost past and future
13   income and employment benefits, and damage to career, in a sum to be proven at trial.

14   11.  Non-Economic damages.  As a consequence of defendants' conduct, plaintiff
15   has suffered and will suffer psychological and emotional distress, humiliation, and
16   mental and physical pain and anguish, in a sum to be proven at trial.

17   12.  Punitive damages.  Defendants' conduct constitutes oppression, fraud or malice
18   under California Civil Code Section 3294, so as to entitle plaintiff to an award of
19   exemplary/punitive damages.

20   a.  Malice.  Defendants' conduct was done with malice within the meaning of
21   California Civil Code Section 3294, including that (a) defendant acted with intent to
22   cause injury to plaintiff, and/or acted with reckless disregard toward plaintiff's injury,
23   including by terminating and/or taking other adverse job action against plaintiff based on
24   plaintiff's her age, disability,  medical leave, and/or need for accommodation, and/or (b)
25   defendant's conduct was despicable, with willful and conscious disregard of plaintiff's
26   rights, health and safety, including plaintiff's right to be free of discrimination,
27   harassment, retaliation, abuse of requirement of accommodation and engaging in the
28   interactive process, and wrongful termination.

b.   <u>Oppression</u>.  In addition, and/or alternatively, defendants' conduct was done with oppression within the meaning of California Civil Code Section 3294, including that defendant's actions against plaintiff based on plaintiff's age, actual, perceived, and/or history of physical disability,  medical leave, and/or need for accommodation: was "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a workplace free of discrimination, harassment, retaliation, abuse of requirement of accommodation and engaging in the interactive process, and wrongful termination.

c.   <u>Fraud</u>.  In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code Section 3294, including that defendant asserted false (pretextual) grounds for termination and/or other adverse job action(s), to thereby hard plaintiff and deprive plaintiff of legal rights.

13.   <u>Attorneys' fees</u>.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

14.   <u>Exhaustion of administrative remedies</u>.   Prior to filing this action, plaintiff timely exhausted administrative remedies, by timely filing an administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right to sue letter.

## FIRST CAUSE OF ACTION
### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.
### (Age Discrimination)
### Against Defendant Comerica

15.   The allegations set forth in paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16.   Plaintiff's age and/or other characteristic(s) protected by the FEHA, Cal. Govt. Code Sections 12900 et seq., were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position,

-6-

1 | and/or taking other adverse job action(s) against plaintiff.

2 | 17.  Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections

3 | 12900 et seq. and defendant committed unlawful employment practice(s), including,

4 | without limitation, by the following, separate bases for liability:

5 | a.  Terminating, barring, discharging, refusing to transfer, retain, hire, select,

6 | and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in

7 | part, on plaintiff's age and/or other protected characteristic(s), in violation of Cal. Govt.

8 | Code Section 12940(a).

9 | b.  Failing to take all reasonable steps to prevent discrimination, harassment,

10 | and/or retaliation based on age, in violation of Cal. Govt. Code Section 12940(k).

11 | 18.  As a proximate result of defendant's willful, knowing, and intentional discrimi-

12 | nation against plaintiff, plaintiff has sustained and continues to sustain substantial losses

13 | of earnings and other employment benefits.

14 | 19.  As a proximate result of defendant's willful, knowing, and intentional discrimi-

15 | nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-

16 | tional distress, and physical and mental pain and anguish, all to her damage in a sum

17 | according to proof.

18 | 20.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

19 | Plaintiff is at present unaware of the precise amounts of these expenses and fees and will

20 | seek leave of court to amend this Complaint when the amounts are fully known.

21 | 21.  Defendant's misconduct was committed intentionally, in a malicious, despica-

22 | ble, oppressive manner, entitling plaintiff to punitive damages against defendant.

23

24

25

26

27

28

### SECOND CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Age Harassment)

### Against All Defendants

22.  The allegations set forth in paragraphs 1 through 21 are re-alleged and incorpo-

1  rated herein by reference.

2     23.  Defendants' conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections

3  12900 et seq. and defendants committed unlawful employment practice(s), including,

4  without limitation, by the following, separate bases for liability:

5        a.  Harassing plaintiff and/or creating a hostile work environment, based, in

6  whole or in part, on plaintiff's age, and/or other protected characteristic(s), in violation

7  of Cal. Govt. Code Section 12940(j).

8        b.  Failing to take all reasonable steps to prevent discrimination, harassment,

9  and/or retaliation based on age, in violation of Cal. Govt. Code Section 12940(k).

10     24.  As a proximate result of defendants' willful, knowing, and intentional discrimi-

11  nation against plaintiff, plaintiff has sustained and continues to sustain substantial losses

12  of earnings and other employment benefits.

13     25.  As a proximate result of defendants' willful, knowing, and intentional discrimi-

14  nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-

15  tional distress, and physical and mental pain and anguish, all to her damage in a sum

16  according to proof.

17     26.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

18  Plaintiff is at present unaware of the precise amounts of these expenses and fees and will

19  seek leave of court to amend this Complaint when the amounts are fully known.

20     27.  Defendants' misconduct was committed intentionally, in a malicious, despica-

21  ble, oppressive manner, entitling plaintiff to punitive damages against defendants.

22

23  # THIRD CAUSE OF ACTION

24  ## Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

25  ## (Retaliation for Complaining of Age Discrimination and/or

                 Harassment)

26  ## Against Defendant Comerica

27

28     28.  The allegations set forth in paragraphs 1 through 28 are re-alleged and incorpo-

-8-

1  rated herein by reference.

2      29.  Plaintiff's and/or other characteristic(s) protected by the FEHA, Cal. Govt.

3  Code Sections 12900 et seq., were motivating factors in defendant's decision to

4  terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position, ,

5  and/or taking other adverse job action(s) against plaintiff.

6      30.  Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections

7  12900 et seq. and defendant committed unlawful employment practice(s), including,

8  without limitation, by the following, separate bases for liability:

9          a.  Terminating, barring, discharging, refusing to transfer, retain, hire, select,

10  and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in

11  part, on plaintiff's age, and/or other protected characteristic(s), in violation of Cal. Govt.

12  Code Section 12940(a).

13         b.  Harassing plaintiff and/or creating a hostile work environment, based, in

14  whole or in part, on plaintiff's age, and/or other protected characteristic(s), in violation

15  of Cal. Govt. Code Section 12940(j).

16         c.  Failing to take all reasonable steps to prevent discrimination, harassment,

17  and/or retaliation based on age, in violation of Cal. Govt. Code Section 12940(k).

18         d.  Retaliating against plaintiff for seeking to exercise rights guaranteed under

19  the FEHA and/or opposing defendant's failure to provide such rights, including, without

20  limitation, rights of reasonable accommodation, interactive process, leave rights, and/or

21  the right to be free of discrimination, in violation of Cal. Govt. Code Section 12940(h).

22     31.  As a proximate result of defendant's willful, knowing, and intentional discrimi-

23  nation against plaintiff, plaintiff has sustained and continues to sustain substantial losses

24  of earnings and other employment benefits.

25     32.  As a proximate result of defendant's willful, knowing, and intentional discrimi-

26  nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-

27  tional distress, and physical and mental pain and anguish, all to her damage in a sum

28  according to proof.

33. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

34. Defendant's misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

## FOURTH CAUSE OF ACTION
### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.
### (Medical Leave Discrimination)
### Against Defendant Comerica

35. The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36. Plaintiff's medical leave, and/or other characteristic(s) protected by the FEHA, Cal. Govt. Code Sections 12900 et seq., were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position, and/or taking other adverse job action(s) against plaintiff.

37. Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

    a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on plaintiff's medical leave and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(a).

    b. Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on taking medical leave, in violation of Cal. Govt. Code Section 12940(k).

    c. Failing to provide plaintiff with requisite statutory leave; violating notice and/or other procedural requisites of leave; and/or retaliating against plaintiff for taking

leave, in violation of Cal. Govt. Code Section 12945.2.

38.   As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

39.   As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

40.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

41.   Defendant's misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

### FIFTH CAUSE OF ACTION
### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.
### (Medical Leave Harassment)
### Against All Defendants

42.   The allegations set forth in paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43.   Defendants' conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendants committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

a.   Harassing plaintiff and/or creating a hostile work environment, based, in whole or in part, on plaintiff's medical leave, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(j).

b.   Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on medical leave, in violation of Cal. Govt. Code Section

12940(k).

44. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

45. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

46. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

47. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SIXTH CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Retaliation for Complaining of Medical Leave Discrimination and/or Harassment)

### Against Defendant Comerica

48. The allegations set forth in paragraphs 1 through 47 are re-alleged and incorporated herein by reference.

49. Plaintiff's medical leave, and/or other characteristic(s) protected by the FEHA, Cal. Govt. Code Sections 12900 et seq., were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position, and/or taking other adverse job action(s) against plaintiff.

50. Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on plaintiff's actual, perceived, and/or history of physical disability, medical condition, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(a).

b. Harassing plaintiff and/or creating a hostile work environment, based, in whole or in part, on plaintiff's medical leave, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(j).

c. Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on medical leave, in violation of Cal. Govt. Code Section 12940(k).

d. Retaliating against plaintiff for seeking to exercise rights guaranteed under the FEHA and/or opposing defendant's failure to provide such rights, including, without limitation, rights of reasonable accommodation, interactive process, leave rights, and/or the right to be free of discrimination, in violation of Cal. Govt. Code Section 12940(h).

e. Failing to provide plaintiff with requisite statutory leave; violating notice and/or other procedural requisites of leave; and/or retaliating against plaintiff for taking leave, in violation of Cal. Govt. Code Section 12945.2.

51. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

52. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

53. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

54. Defendant's misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

## SEVENTH CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Disability Discrimination)

### Against Defendant Comerica

55. The allegations set forth in paragraphs 1 through 54 are re-alleged and incorporated herein by reference.

56. Plaintiff's disability, and/or other characteristic(s) protected by the FEHA, Cal. Govt. Code Sections 12900 et seq., were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position, refusal to accommodate plaintiff and engage in the interactive process, and/or taking other adverse job action(s) against plaintiff.

57. Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on plaintiff's actual, perceived, and/or history of physical disability, medical condition, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(a).

b. Failing to accommodate plaintiff's actual, perceived, and/or history of physical disability and/or medical condition, in violation of Cal. Govt. Code Section 12940(m).

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Cal. Govt. Code Section 12940(n).

d. Failing to take all reasonable steps to prevent discrimination, harassment,

1   and/or retaliation based on actual, perceived, and/or history of physical disability, in
2   violation of Cal. Govt. Code Section 12940(k).

3        e.  Retaliating against plaintiff for seeking to exercise rights guaranteed under
4   the FEHA and/or opposing defendant's failure to provide such rights, including, without
5   limitation, rights of reasonable accommodation, interactive process, leave rights, and/or
6   the right to be free of discrimination, in violation of Cal. Govt. Code Section 12940(h).

7        f.  Failing to provide plaintiff with requisite statutory leave; violating notice
8   and/or other procedural requisites of leave; and/or retaliating against plaintiff for taking
9   leave, in violation of Cal. Govt. Code Section 12945.2.

10   58.  As a proximate result of defendant's willful, knowing, and intentional discrimi-
11   nation against plaintiff, plaintiff has sustained and continues to sustain substantial losses
12   of earnings and other employment benefits.

13   59.  As a proximate result of defendant's willful, knowing, and intentional discrimi-
14   nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-
15   tional distress, and physical and mental pain and anguish, all to her damage in a sum
16   according to proof.

17   60.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
18   Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
19   seek leave of court to amend this Complaint when the amounts are fully known.

20   61.  Defendant's misconduct was committed intentionally, in a malicious, despica-
21   ble, oppressive manner, entitling plaintiff to punitive damages against defendant.

## EIGHTH CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Disability Harassment)

### Against All Defendants

62.  The allegations set forth in paragraphs 1 through 61 are re-alleged and incorpo-
rated herein by reference.

63.   Defendants' conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

a.   Harassing plaintiff and/or creating a hostile work environment, based, in whole or in part, on plaintiff's actual, perceived, and/or history of physical disability, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(j).

b.   Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on actual, perceived, and/or history of physical disability, in violation of Cal. Govt. Code Section 12940(k).

64.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

65.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

66.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

67.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## NINTH CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Retaliation for Complaining of Disability Discrimination

### and/or Harassment)

### Against Defendant Comerica

68.   The allegations set forth in paragraphs 1 through 67 are re-alleged and incorpo-

rated herein by reference.

69. Plaintiff's disability and/or other characteristic(s) protected by the FEHA, Cal. Govt. Code Sections 12900 et seq., were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employment plaintiff in any position, refusal to accommodate plaintiff and engage in the interactive process, and/or taking other adverse job action(s) against plaintiff.

70. Defendant's conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on plaintiff's actual, perceived, and/or history of physical disability, medical condition, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(a).

b. Failing to accommodate plaintiff's actual, perceived, and/or history of physical disability and/or medical condition, in violation of Cal. Govt. Code Section 12940(m).

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Cal. Govt. Code Section 12940(n).

d. Harassing plaintiff and/or creating a hostile work environment, based, in whole or in part, on plaintiff's actual, perceived, and/or history of physical disability, and/or other protected characteristic(s), in violation of Cal. Govt. Code Section 12940(j).

e. Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on disability, in violation of Cal. Govt. Code Section 12940(k).

f. Retaliating against plaintiff for seeking to exercise rights guaranteed under the FEHA and/or opposing defendant's failure to provide such rights, including, without limitation, rights of reasonable accommodation, interactive process, leave rights, and/or the right to be free of discrimination, in violation of Cal. Govt. Code Section 12940(h).

g.   Failing to provide plaintiff with requisite statutory leave; violating notice and/or other procedural requisites of leave; and/or retaliating against plaintiff for taking leave, in violation of Cal. Govt. Code Section 12945.2.

71.   As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

72.   As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

73.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

74.   Defendant's misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

## TENTH CAUSE OF ACTION

### Violation of FEHA, Cal. Govt. Code Sections 12900 et seq.

### (Retaliation for Complaining of Disability Discrimination

### and/or Harassment)

### Against Defendant Comerica

75.   The allegations set forth in paragraphs 1 through 74 are re-alleged and incorporated herein by reference.

1.   At all times relevant herein, California has had a substantial and fundamental public policy as reflected in, FEHA, Government Code section 12940, *et seq.,* which requires defendants to refrain from discriminating against any employee because of his or her race. Within the time provided by law, plaintiff Tataryan filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-

1    sue letter.

2        2.  In addition and in the alternative, all times relevant herein, California has had a

3    substantial and fundamental public policy as reflected in, FEHA, Government Code

4    section 12940, *et seq.,* which requires defendants to refrain from retaliating against any

5    employee because he or she complained about discrimination based on race.  Within the

6    time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with

7    administrative requirements, and received a right-to-sue letter.

8        3.  During plaintiff's employment with defendants, defendants, through their su-

9    pervisors, engaged in actions that had a negative impact on the treatment of employees

10   who complained about discrimination and/or who were over the age of 40.  Specifically,

11   defendants discharged such employees with greater frequency than other employees.

12       4.  Defendants, through their managers and supervisors, made a number of com-

13   ments to and about Plaintiff that exhibited discriminatory motivations, intentions, and

14   consciousness.  Plaintiff believes and on that basis alleges that defendants' real moti-

15   vation was to discharge her because of her age, actual, perceived, and/or history of

16   disability and complaints about discrimination based on age and actual, perceived, and/or

17   history of disability.

18       5.  Plaintiff was a qualified employee at the time of the termination of her

19   employment, her performed his job in an exemplary manner. The reasons defendants

20   gave for firing Plaintiff were patently false.

21       6.  On the basis of the above, plaintiff believes and alleges that her age, disability,

22   and necessary leave for a serious medical condition were substantial motivating reasons

23   for defendants' termination of plaintiff's employment.

24       7.  As a proximate result of defendants' willful, knowing, and intentional miscon-

25   duct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and

26   mental and physical pain and anguish, all to her damage in a sum according to proof.

27       8.  As a result of defendants' willful, knowing, and intentional misconduct, plain-

28   tiff has sustained and continues to sustain substantial losses of earnings and other

-19-

employment benefits.

9.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

PRAYER

WHEREFORE, plaintiff, Evelyn Mortensen, prays for judgment against defendant(s) as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Evelyn Mortensen, demands trial of this matter by jury. The amount demanded exceeds $25,000 (Cal. Govt. Code Section 72055).

Dated: February 21, 2014          SHEGERIAN & ASSOCIATES, INC.

By: _Carney R. Shegerian_____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
EVELYN MORTENSEN

-20-

PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Carney R. Shegerian, Esq. (SBN 150461)
Shegerian & Associates, Inc.
225 Arizona Avenue, Suite 400, Santa Monica, CA 90401
TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles. 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Mortensen v. Comerica Bank, et al.

**FOR COURT USE ONLY**

FILED
Superior Court Of California
County Of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk
By _Kristina Vargas_, Deputy
Kristina Vargas

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC536947 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve        e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* Tem (10)

5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 21, 2014
Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)    ▶ _/Carney R. Shegerian/_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Mortensen v. Comerica Bank, et. al. | BC536947 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ | A6070 Asbestos Property Damage | 2. |
| | | ☐ | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ | A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ | A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ | A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

-40-

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Velasquez vs. Bloomingdale's, Inc. | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| Velasquez vs. Bloomingdale's Inc. | |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | ☐ A6160 Abstract of Judgment | 2., 6. |
| | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 Election Contest | 2. |
| | ☐ A6110 Petition for Change of Name | 2., 7. |
| | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

-42-

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Mortensen v. Comerica Bank, et. al. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 5700 Canoga Avenue |
|---|---|

| CITY: Woodland Hills | STATE: CA | ZIP CODE: 91367 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 21, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

-43-