UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-9825 DMG (FFMx)** | Date | May 29, 2015 |

| Title | *Evelyn Mortensen v. Comerica Management Co., et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS—PLAINTIFF'S MOTION TO REMAND [26]**

On January 29, 2015, this Court, *sua sponte*, issued an order to show cause ("OSC") why this action should not be remanded to state court for lack of subject matter jurisdiction.  [Doc. # 12.]  On February 12, 2015, the Court issued a second order requiring Defendants to respond to issues raised by Plaintiff regarding timeliness of removal and the amount in controversy.  [Doc. # 16.]  The parties thoroughly briefed the issues of subject matter jurisdiction, timeliness, and amount in controversy at that time.  [Doc. ## 13, 15, 17.]  On April 14, 2015, this Court discharged the OSC, ruling that "Defendants [had] met their burden of establishing that removal is proper."  ("Order") [Doc. # 20.]

On April 28, 2015, Plaintiff filed a motion to remand this case to state court on the basis that Defendants' Notice of Removal was not timely and that Defendants failed to allege Plaintiff's citizenship in her notice of removal.  [Doc. # 26.]  Plaintiff does not present any new arguments or evidence in support of this motion, and largely rehashes her previous arguments made in response to the OSC.

The Court specifically found in its April 14, 2015 order that Defendants' Notice of Removal was timely filed and that Plaintiff is a citizen of California "beyond peradventure."  Order at 4-5.  It is now the law of the case that removal was timely and that Plaintiff's citizenship has been established for purposes of diversity jurisdiction.  *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (per the law of the case doctrine, a prior decision should be followed unless "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence [is] adduced [to the court].").  Plaintiff is admonished not to waste the time of the Court or opposing parties by seeking to relitigate issues which have already been decided.

In light of the foregoing, the motion to remand is **DENIED**.  The June 5, 2015 hearing is **VACATED**.  **IT IS SO ORDERED.**